IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02143-PAB-KMT

JUSTIN GALVAN,

    Plaintiff,

v.

FIRST VEHICLE SERVICES, INC.,

    Defendant.

---

# ORDER

---

This matter is before the Court on defendant's Motion to Dismiss [Docket No. 12] and plaintiff's Motion to Amend the Complaint in Response to Defendant's Motion to Dismiss [Docket No. 15]. The Court has jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND[1]

On June 28, 2018, plaintiff Justin Galvan was working as a mechanic in Frisco, Colorado for defendant First Vehicle Services, Inc. Docket No. 15-1 at 2-3, ¶¶ 14-16. Because the basement of defendant's maintenance shop gets hot and has little air flow, plaintiff went upstairs and opened a garage door directly above his workspace to cool off his area. *Id.* at 3, ¶ 17. Defendant does not have a workplace policy regarding whether the garage door should be open or closed during work hours. *Id.*, ¶ 19.

When Peter Palliardi, plaintiff's co-worker, came in for his shift, he shut the

---

[1]These facts are drawn from plaintiff's proposed amended complaint [Docket No. 15-1] and are presumed true in considering the instant motions. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

garage door. *Id.*, ¶ 20. When plaintiff noticed that the door had been shut, he went upstairs and opened the door again. *Id.*, ¶ 21. This resulted in a verbal altercation between plaintiff and Mr. Palliardi. *Id.*, ¶¶ 22-25. Plaintiff explained to Mr. Palliardi that, without air conditioning, the basement becomes too hot, *id.*, ¶ 24, while Mr. Palliardi stated that the wind coming in through the open garage door was irritating his eyes. *Id.* at 3-4, ¶¶ 27, 31. After Mr. Palliardi re-shut the garage door and plaintiff opened it again, *id.* at 3, ¶¶ 26, 28, Mr. Palliardi attempted to once again close the garage door. *Id.* at 4, ¶¶ 32. However, because plaintiff was standing in the doorway, the garage door could not close. *Id.*, ¶ 33. Mr. Palliardi shoved plaintiff to remove him from the doorway, stood within an inch of plaintiff's face, and spat on plaintiff. *Id.*, ¶¶ 35-37. After plaintiff pushed Mr. Palliardi away, Mr. Palliardi re-approached plaintiff and swung both fists, punching plaintiff in the eyes. *Id.*, ¶ 38, 40. While plaintiff tried unsuccessfully to push Mr. Palliardi away, Mr. Palliardi punched plaintiff approximately twenty times. *Id.* at 5, ¶¶ 43-44. Plaintiff's attempts to punch Mr. Palliardi were unsuccessful, except for the last, which caused Mr. Palliardi to fall to the ground. *Id.*, ¶¶ 49-50. Plaintiff then retreated. *Id.*, ¶ 51.

Plaintiff informed his manager, Kevin Yoder, about the incident. *Id.*, ¶ 52. Mr. Yoder told both men to leave. *Id.*, ¶ 53. Plaintiff returned to work the next day and completed his scheduled shift. *Id.* at 6, ¶ 57. On July 2, 2018, Mr. Yoder instructed plaintiff not to return to work until defendant had received a final report from the Summit County Sheriff's Department, which had begun an investigation into the incident. *Id.* at 5, ¶¶ 55-56; *id.* at 6, ¶ 59. The Sheriff's Department finalized its report on July 3. *Id.*,

2

¶ 60. It determined that plaintiff had acted out of self-defense and found that Mr. Palliardi was the primary aggressor. *Id.*, ¶¶ 61, 64. Mr. Yoder informed plaintiff on July 6 that defendant was terminating his employment because of the June 28 assault. *Id.* at 8, ¶ 78. In the official termination letter dated July 31, 2018, defendant stated that plaintiff had violated defendant's zero tolerance policy, which prohibits "acts of violence, threats of violence, or intimidation, to include[:] hitting, striking, pushing, or kicking." *Id.* at 9, ¶ 86.

On July 2, 2019, plaintiff sued defendant in the District Court of Teller County, Colorado for wrongful termination in violation of public policy and negligent supervision. Docket No. 4 at 9-10. Defendant removed the action to federal court on July 26, 2019. Docket No. 1. On August 2, 2019, defendant filed a motion to dismiss [Docket No. 12], arguing that plaintiff's termination claim failed to state a claim upon which relief could be granted, Docket No. 12 at 4, and that plaintiff's negligent supervision claim is preempted by the Colorado Workers' Compensation Act ("CWCA"). *Id.* at 9. In lieu of responding to the motion, plaintiff filed a motion to amend the complaint. Docket No. 15. Plaintiff argues that the Court should grant him leave to amend his complaint "in order to include additional factual allegations meant to clarify, explain, and supplement the initial allegations." *Id.* at 6.

## II. LEGAL STANDARD

The Court analyzes plaintiff's motion for leave to file an amended complaint under Fed. R. Civ. P. 15(a). Rule 15(a) provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court

3

may deny leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (internal quotation marks omitted). Amendment is futile where the proposed amended complaint would be subject to dismissal for any reason. *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). "If a party opposes a motion to amend . . . on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2010 WL 6089079, at *3 (D. Colo. Oct. 6, 2010); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.").

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting

4

*Twombly*, 550 U.S. at 555) (omission marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).

## III. ANALYSIS

Plaintiff seeks leave to amend his complaint to include additional facts to support his claims of wrongful termination and negligent supervision. Docket No. 15 at 6. Defendant opposes this request, arguing that an amendment would be futile because plaintiff's belated "addition of facts cannot remedy the deficiencies in his Complaint." Docket No. 29 at 2.

In its motion to dismiss, defendant argues that plaintiff's wrongful termination claim must be dismissed because he failed to plead facts demonstrating the elements of the claim. "[A] plaintiff may state a claim for retaliatory discharge in violation of public policy by alleging that he or she was employed by the defendant; that the defendant discharged him or her; and that the defendant discharged him or her in retaliation for exercising a job-related right or performing a specific statutory duty, or that the termination would undermine a clearly expressed public policy." *Kearl v. Portage Envtl., Inc.*, 205 P.3d 496, 499 (Colo. App. 2008). The plaintiff "must also allege that the public policy invoked 'truly impacts the public in order to justify interference into an

5

employer's business decisions.'" *Id.* (quoting *Crawford Rehab. Servs., Inc. v. Weissman*, 938 P.2d 540, 552 (Colo. 1997)). In response to defendant's motion to dismiss, plaintiff seeks to amend his complaint to add allegations that defendant discharged plaintiff in retaliation for exercising his right to self-defense, and purports to allege facts demonstrating that the right to self-defense is a public right that affects public health, safety, and welfare. *See, e.g.*, Docket No. 15-1 at 11, ¶ 110; *id.* at 12, ¶¶ 122-126. Plaintiff asserts that its amended complaint now adequately states a wrongful discharge claim. Docket No. 30 at 4.

Defendant also argues in its motion to dismiss that plaintiff's negligent supervision claim is preempted by the CWCA, which provides the exclusive remedy for work-related injuries when "the injury . . . aris[es] out of and in the course of the employee's employment." Colo. Rev. Stat. § 8-41-301(1); *see also* Docket No. 12 at 9. Defendant contends that plaintiff's altercation with Mr. Palliardi arose exclusively out of a workplace dispute, that any injuries plaintiff suffered during the altercation were work-related, and, as a result, plaintiff's claim is preempted. *Id.* at 11. In response, plaintiff seeks to amend his complaint to include allegations supporting his argument that the altercation was an inherently private dispute rather than a dispute that arose out of his and Mr. Palliardi's employment. *See, e.g.*, Docket No. 15-1 at 16-17, ¶¶ 168-185. Docket No. 30 at 7-8.

While defendant argues that plaintiff's claims are futile, *see* Docket No. 29, the Court is not convinced that, in light of plaintiff's additional allegations, plaintiff's proposed amended complaint would not survive a Rule 12(b)(6) motion. Defendant

6

essentially requests that the Court undertake a Rule 12(b)(6) analysis on plaintiff's proposed amended complaint – which has not yet been accepted for filing – based on the arguments made in the motion to dismiss, which is directed toward plaintiff's original complaint and does not address plaintiff's additional allegations. Moreover, because plaintiff elected to file a motion to amend rather than a response to defendant's motion to dismiss, the Rule 12(b)(6) arguments have not been fully briefed. While defendant and plaintiff raise futility arguments in their response [Docket No. 29] and reply [Docket No. 30] to the motion to amend, respectively – and in doing so, address some of the amended allegations – the Court finds it more appropriate to permit the parties to fully brief their arguments in light of plaintiff's amended complaint – provided that defendant renews its motion to dismiss – rather than rely on these abbreviated arguments. *See Byorick v. CAS, Inc.*, No. 14-cv-02200-WJM-KMT, 2015 WL 302147, at *2 (D. Colo. Jan. 22, 2015) (finding that "instead of forcing a futility argument into its Rule 15(a) opposition brief, [defendant] will be better served by waiting to file a renewed motion under Rule 12(b)(6) after [the amended complaint] is in place.").[2] The decision to grant

---

[2] The fact that defendant has already filed a motion to dismiss does not change the Court's conclusion that full briefing on a renewed motion to dismiss is the proper way to address defendant's arguments. *See Pollack v. Boulder Cty.*, No. 17-cv-02444-CMA-NRN, 2019 WL 1292858, at *4 (D. Colo. Mar. 21, 2019) ("The Court finds that these issues would be better and more efficiently addressed after Plaintiff's amended complaint is in place and Defendant has had an opportunity to revise her motion to dismiss to address the revised allegations, if she chooses to file such a motion."); *see also Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019) ("To the extent the Opposing Defendants believe the allegations against them remain deficient, the Court finds that such arguments would be better and more efficiently addressed through" a renewed motion to dismiss); *see also Estate of Dixon v. Bd. of Cty. Comm'rs of Crowley Cty.*, No. 15-cv-02727-NYW, 2016 WL 931274, at *3 (D. Colo. Mar. 11, 2016) (granting motion to amend and denying pending motions to dismiss as moot).

or deny an opportunity to amend is within the sound discretion of the trial court, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the Court finds that exercising its discretion to allow amendment here is the proper vehicle to resolve the issues raised by the parties.

Moreover, defendant has not argued that it will be prejudiced by an amendment, *see* Docket No. 29, which weighs against denying leave to amend. *See Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) ("Because Defendants do not argue they face any – let alone undue – prejudice if the Court grants Plaintiffs leave to file their Amended Class Action Complaint, their opposition to the instant motion is grievously weakened."). "Prejudice is the most important factor in considering whether a plaintiff should be permitted to amend a complaint." *Pollack*, 2019 WL 1292858, at *5. "Courts typically find prejudice only when the amendment unfairly affects the defendants in 'terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Here, plaintiff's proposed amended complaint contains the same two claims as his original complaint, and defendant concedes that the proposed amended complaint "adds only additional facts, not legal theories." Docket No. 29 at 1. The Court finds that the addition of potentially clarifying facts does not unfairly affect defendant's ability to defend this lawsuit. And while defendant has already filed a motion to dismiss, "any prejudice to [defendant] is slight because [it] will be able to file substantially similar

briefing" in response to the amended complaint. *Faircloth*, 2019 WL 1002935, at *3. As stated above, the Court believes it most appropriate to address defendant's legal arguments in view of the additional facts plaintiff has alleged in his amended complaint once such arguments have been fully briefed by the parties. Because defendant has not demonstrated that it will be prejudiced by allowing plaintiff to amend his complaint, the Court will grant plaintiff's motion. *See Stender*, 2011 WL 1235414, at *3 (declining to address futility argument where defendants failed to argue that they would be prejudiced by amendment).

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that plaintiff's Motion to Amend the Complaint in Response to Defendant's Motion to Dismiss [Docket No. 15] is **GRANTED**. The Clerk of Court is directed to enter Docket No. 15-1 as Plaintiff's First Amended Complaint. It is further

**ORDERED** that defendant's Motion to Dismiss [Docket No. 12] is **DENIED** as moot.

DATED March 11, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge